William H. Trousdale
Brian M. English
TOMPKINS, MCGUIRE, WACHENFELD & BARRY LLP
Four Gateway Center
100 Mulberry Street, Suite 5
Newark, New Jersey 07102
(973) 623-7893

    -- and --

Robert Alan Garrett
Hadrian R. Katz
C. Scott Morrow
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------X
:
AMERICAN BROADCASTING COMPANIES, INC., :
DISNEY ENTERPRISES, INC., :
FOX TELEVISION STATIONS, INC., :
TWENTIETH CENTURY FOX FILM CORPORATION, :
and CBS BROADCASTING INC., :
:
    Plaintiffs, :    09 Civ. _____
:
        v. :
:
HANG 10 TECHNOLOGIES, INC. :
and DANIEL P. GALLIC, :
:
    Defendants. :
----------------------------------------------------------------X

## COMPLAINT

Plaintiffs American Broadcasting Companies Inc., Disney Enterprises Inc., Fox Television Stations, Inc., Twentieth Century Fox Film Corporation and CBS Broadcasting Inc. (collectively, "plaintiffs"), by their attorneys, complain and allege against defendants Hang 10

Technologies, Inc. ("Hang 10") and Daniel P. Gallic ("Gallic") (collectively, "defendants"), as follows:

## NATURE OF THE ACTION

1. The purpose of this action is to restrain and enjoin the defendants' Internet-based video retransmission service from continuing to exploit, without any authorization whatsoever, the very valuable copyrighted television programming in which plaintiffs own rights.

2. In the Copyright Act of 1976, Congress made clear that commercial entrepreneurs, like the defendants here, may not retransmit to paying subscribers the programming broadcast by conventional "over-the-air" television stations -- unless they are authorized to do so by the affected copyright owners. The courts, like the Register of Copyrights, have consistently rejected attempts to make such retransmissions without securing the requisite licenses. Defendants are nevertheless brazenly offering the same type of unauthorized broadcast retransmission service that repeatedly has been considered unlawful.

3. Defendants are delivering to the mobile devices (such as Blackberry) of paying subscribers, on a nearly real-time basis, the copyrighted programming broadcast by certain New York City television stations (the "VuiVision Retransmission Service"). That service also can be received on laptops and personal computers worldwide with Internet connections. Anyone who logs on to defendants' website (www.vuivision.com), pays defendants a monthly fee of $2.99 and agrees to comply with defendants' terms of use can receive the unauthorized VuiVision Retransmission Service. Absolutely none of defendants' revenues from that service go to the owners of the programming that defendants exploit because defendants have no relationship with the program owners.

4. Plaintiffs make their copyrighted programming available to the public over a wide variety of licensed media outlets that compete directly with defendants' unauthorized VuiVision Retransmission Service. Defendants have no right to build a business by expropriating that same valuable programming without plaintiffs' authorization and in unfair competition with plaintiffs and their licensees.

5. Accordingly, plaintiffs ask that the Court preliminarily and permanently enjoin defendants' unlawful conduct and award damages arising out of defendants' illegal activities. Plaintiffs further ask the Court to declare that (a) defendants' VuiVision Retransmission Service infringes plaintiffs' exclusive rights under the Copyright Act; and (b) defendants, in offering this illegal service, have falsely conveyed that defendants have been authorized by or have some relationship with plaintiffs, have defrauded consumers and have unfairly competed with plaintiffs.

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, the Lanham Act, 15 U.S.C. § 1125, and related state law. The court may enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367 and the doctrine of pendent jurisdiction.

8. Hang 10 and Gallic reside, and conduct commercial activities, in the State of New Jersey and can be found in this District. Venue is properly laid in this Court under 28 U.S.C. §§ 1391 (b), 1391(c) and 1400 (a).

## THE PARTIES

9. Plaintiff American Broadcasting Companies, Inc. ("ABC") is a Delaware corporation with its principal place of business at 77 West 66th Street, New York, New York, and does business as the ABC Television Network and as WABC-TV. ABC is actively engaged in the production and distribution of television programs and other copyrighted works – including programs ABC transmits to numerous broadcast television stations in the United States and elsewhere that it owns and operates, and other stations that are affiliated with its ABC Television Network. ABC grants these stations the right to broadcast programming within their communities of license. The Federal Communications Commission has licensed ABC to operate the television station identified by the call letters WABC-TV ("WABC"), the signal of which is broadcast to viewers over-the-air on channel 7 in the New York City market. Cable systems, satellite services and other multichannel video programming distributors also make WABC transmissions available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

10. Plaintiff Disney Enterprises, Inc. ("DEI") is a Delaware corporation, with its principal place of business at 500 S. Buena Vista Street, Burbank, California. DEI is actively engaged in the licensing of its copyrighted properties, and certain of its affiliates are engaged in the worldwide production and distribution of copyrighted entertainment products, including programs that television broadcast stations and other media outlets transmit or retransmit to the public.

11. Plaintiff Fox Television Stations, Inc. ("Fox TV") is a Delaware corporation with its principal place of business at 1211 Avenue of the Americas, New York, New York. Fox TV owns and operates many local broadcast television stations. These stations are actively engaged

4

in the production and distribution of television programs and other copyrighted works. Among the Fox TV stations is the television station with the call letters WNYW ("WNYW"), the signal of which is broadcast to viewers over-the-air on channel 5 in the New York City market. The Federal Communications Commission has licensed Fox TV to operate WNYW. Cable systems, satellite services and other multichannel video programming distributors also make WNYW transmissions available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

12. Plaintiff Twentieth Century Fox Film Corporation ("Fox") is a Delaware corporation, with its principal place of business at 10201 W. Pico Blvd., Los Angeles, California. Fox (together with its subsidiaries and affiliates) is actively engaged in the worldwide production and distribution of copyrighted entertainment products, including programs that television broadcast stations and other media outlets transmit or retransmit to the public. Fox typically grants these stations licenses to broadcast programming within their local markets only.

13. Plaintiff CBS Broadcasting Inc. ("CBS") is a New York corporation with its principal place of business at 51 West 52nd Street, New York, New York. CBS is actively engaged in the production and distribution of television programs and other copyrighted works – including programs CBS transmits to numerous broadcast television stations in the United States and elsewhere that it owns and operates, and other stations that are affiliated with its CBS Television Network. CBS grants these stations the right to broadcast programming within their communities of license. The Federal Communications Commission has licensed CBS to operate the television station identified by the call letters WCBS-TV ("WCBS"), the signal of which is broadcast to viewers over-the-air on channel 2 in the New York City market. Cable systems, satellite services and other multichannel video programming distributors also make WCBS

5

transmissions available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

14. On information and belief, defendant Hang 10 Technologies, Inc. is a New Jersey corporation, with its principal place of business at 44 Hillcrest Road, Warren, New Jersey 07059-5305.

15. On information and belief, defendant Daniel P. Gallic resides at 44 Hillcrest Road, Warren, New Jersey 07059-5305, and is the principal owner and chief executive officer of Hang 10. Gallic is the registered owner of the domain name www.vuivision.com.

## THE VUIVISION RETRANSMISSION SERVICE

16. Defendants are currently retransmitting the copyrighted programming broadcast by television stations WABC, WNYW and WCBS (collectively, the "Stations"), as well as the copyrighted programming broadcast by another New York City television station, WNBC (Channel 4). Defendants have announced plans to retransmit additional copyrighted programming services, *i.e.,* CNN, CNBC and Fox News.

17. Absent discovery, plaintiffs are not certain as to the precise manner in which defendants receive the programming transmitted by the Stations – whether off-the-air or via subscription to a cable or satellite service. Consequently, plaintiffs cannot determine, at this time, whether defendants are violating Sections 633 and/or 705 of the Communications Act, 47 U.S.C. §§ 553 & 605, by retransmitting to the public without authorization cable or satellite services. Plaintiffs reserve the right to add additional counts to this complaint based on information received in discovery.

18. Defendants retransmit the copyrighted programming broadcast by the Stations to video-enabled mobile devices (such as Blackberry). According to defendants, the VuiVision

6

Retransmission Service is available "to cell phones worldwide," including an "estimated 37 million cell phone users in the United States" alone. Defendants advertise on the VuiVision website that their VuiVision Retransmission Service provides "NRT-TV [nearly real-time television] to cell phones worldwide" and allows reception of "TV on your cell phone anywhere in the world. NBC, CBS, ABC, and FOX available." It also is possible to receive the VuiVision Retransmission Service on a laptop or personal computer that is connected to the Internet and to display the programming received on a TV set wired to that laptop or personal computer.

19. To subscribe to the VuiVision Retransmission Service, an individual with Internet access need only (a) go to the VuiVision website (www.vuivision.com) using his or her computer or telephone browser; (b) create an account by providing an e-mail address and a password; (c) agree to the terms of use available at http://www.vuivision.com/terms.php; and (d) pay the defendants' subscription fee. After a 24-hour free trial, that fee is $2.99 per month (or $24.99 per year).

20. Once the subscriber takes the steps identified in paragraph 18, he or she receives the following web page which prominently displays (as links) the logos of the four national broadcast networks, including the plaintiffs' famous trademarks:




7

Defendants falsely state on their website that "the trademarks, service marks and logos contained therein ("Marks"), are owned by or licensed to Hang 10 Technologies, subject to copyright and other intellectual property rights under the law." *See* http://www.vuivision.com/terms.php. Defendants do not own and are not licensed to use any of the above ABC, FOX or CBS Marks that are owned by plaintiffs.

21. By clicking onto one of the logos of the four national broadcast networks as displayed on the VuiVision website, the subscriber receives (on his or her mobile device or computer) the programming being transmitted by the corresponding New York City network affiliate. For example, by clicking on the ABC Mark, the subscriber receives the programming being broadcast by WABC. Likewise, by clicking on the FOX Mark, the subscriber receives the programming being broadcast by WNYW. Similarly, by clicking on the CBS Eye Design Mark, the subscriber receives the programming being broadcast by WCBS. The subscriber will continue to receive that programming until he or she exits from the VuiVision site or experiences technical difficulties.

22. On information and belief, defendants make copies of programming broadcast by WABC, WNYW and WCBS as part of the VuiVision Retransmission Service. On information and belief, a video posted on YouTube shows defendant Gallic receiving at his home on his mobile device and on a conventional television set the same program broadcast by WABC. Gallic states that he is receiving that program on his mobile device approximately 17 seconds later than he receives the same program on his conventional television set. On information and belief, defendants do not retransmit all of the program-related material broadcast by the Stations, such as the closed captioning associated with those signals.

23.     On information and belief, defendants began "alpha" testing of the VuiVision Retransmission Service in July 2009. In October 2009, defendants contacted plaintiff Fox TV and sought permission, "as a courtesy," to use Fox programming as part of the VuiVision Retransmission Service. Fox informed defendants that they had no authority to use Fox programming as part of that service. Defendants delayed "beta" testing of the service because, as they advised subscribers and potential subscribers, they "needed to gear up for some major traffic." Defendants subsequently commenced "beta testing" and began charging a monthly fee for the service in November 2009. In response to questions by potential and actual subscribers about the legality of the VuiVision Retransmission Service, defendants have falsely claimed that the service is "legal."

24.     By letter dated December 4, 2009, plaintiffs demanded that defendants cease and desist from retransmitting plaintiffs' copyrighted programming as part of the VuiVision Retransmission Service, engaging in false and deceptive practices concerning their supposed affiliation with or authorization received from plaintiffs, unfairly competing with plaintiffs and defrauding consumers. Plaintiffs advised defendants that their continued operation of the illegal VuiVision Retransmission Service would subject them to liability for, among other things, willful copyright infringement. In response, defendants contacted plaintiffs and again claimed that they are entitled to operate the VuiVision Retransmission Service without consent from plaintiffs. In addition, defendants advised plaintiffs they had temporarily suspended the VuiVision Retransmission Services, but unless plaintiffs agreed to certain conditions, defendants would recommence their illegal retransmission of plaintiffs' programs. Defendants posted the following notice on the VuiVision website: "VuiVision will be offline from 12am EST December 7th, through 8am EST December 10th, 2009." (Emphasis added.) Unless enjoined by

9

this Court, defendants will resume their retransmissions of plaintiffs' programming as part of the VuiVision Retransmission Service without obtaining plaintiffs' consent.

## COUNT ONE
## COPYRIGHT INFRINGEMENT

25. Plaintiffs hereby incorporate by reference and reallege each and every allegation of paragraphs 1 through 24 above.

26. Each plaintiff is the legal or beneficial owner of the copyrights in numerous programs that have been, and will be, exhibited over broadcast television stations and a variety of other media outlets. A non-exhaustive list of such television programs, identifying representative examples of programs in which plaintiffs own the pertinent copyright interests, is set forth in Exhibit 1 ("TV Programs").

27. Each such TV Program is an original audiovisual work that has been or will be fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C. § 102. Each such TV Program has or will be registered with the United States Copyright Office or an application for registration has been filed with the Copyright Office. Representative examples of the copyright registration certificates or other documentation demonstrating compliance with Sections 408 (f) and 411 of the Copyright Act, 17 U.S.C. §§ 408 (f) & 411, and implementing Copyright Office regulations, corresponding to the TV Programs identified in Exhibit 1, are attached hereto as Exhibits 2 to 27.

28. Each TV Program has been created or licensed for exhibition by one of the Stations, the transmissions of which defendants are retransmitting without authorization as part of their VuiVision Retransmission Service. On information and belief, defendants have retransmitted or will retransmit, as part of their unauthorized VuiVision Retransmission Service, each TV Program and numerous other works in which plaintiffs own copyrights.

10

29. Under Section 106 of the Copyright Act, 17 U.S.C. § 106, plaintiffs own the exclusive rights, among others, to reproduce in copies their copyrighted works, to distribute copies to the public of their copyrighted works, to publicly perform their copyrighted works, to publicly display their copyrighted works, and to make derivative works based upon their copyrighted works.

30. Under Section 106 of the Copyright Act, 17 U.S.C. § 106, plaintiffs also own the exclusive rights to authorize others to exercise the rights set forth in the preceding paragraph 29.

31. No plaintiff or any other person authorized by plaintiffs has granted any license, permission or authorization to defendants to exercise any of the rights set forth in paragraph 29 or to authorize others to exercise such rights, respecting the TV Programs or any other works in which plaintiffs own copyrights.

32. In offering their VuiVision Retransmission Service, defendants have exercised and will exercise (or have authorized or will authorize others to exercise) one or more of plaintiffs' exclusive rights set forth in paragraph 29 respecting the TV Programs and other works in which plaintiffs own copyrights.

33. Defendants have committed and will commit each act of copyright infringement with the knowledge that they were not authorized to exercise any of the rights (or authorize others to exercise any of the rights) set forth in paragraph 29 respecting the TV Programs and other works in which plaintiffs own copyrights. Defendants' conduct thus has constituted and will constitute willful copyright infringement.

34. As a result of defendants' willful copyright infringement, plaintiffs have been and are being irreparably harmed.

35. Unless restrained by the Court, defendants will continue to engage in such willful copyright infringement.

**COUNT TWO**
**FALSE REPRESENTATIONS IN VIOLATION**
**OF SECTION 43(a) OF THE LANHAM ACT**

36. Plaintiffs hereby incorporate by reference and reallege each and every allegation of paragraphs 1 through 35 above.

37. Plaintiffs have obtained federal trademark and service mark registrations for numerous marks, including, by way of illustration, "ABC" (*e.g.*, Reg. Nos. 755,703 and 2,066,519), "FOX" (*e.g.*, Reg. Nos. 1,840,919 and 1,924,143) and "CBS" (*e.g.*, Reg. Nos. 0,852,481 and 0,645,893). These trademark registrations have achieved incontestable status, and are among the best known and most valuable marks in the world.

38. Defendants have, without the consent of plaintiffs, used the plaintiffs' registered trademarks in connection with the VuiVision Retransmission Service and their marketing and promotion thereof. The acts of defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

39. Defendants use of plaintiffs' registered trademarks conveys the false and misleading impression that: (a) plaintiffs endorse defendants' VuiVision Retransmission Service; and (b) defendants are authorized to retransmit the programming offered by that Service, including the TV Programs and other works in which plaintiffs own the copyrights. Defendants' conduct is therefore likely to cause confusion, or to cause mistake, or to deceive as to: (a) plaintiffs' affiliation, connection, or association with defendants VuiVision Retransmission

Service; and (b) the origin, sponsorship, or approval of both (i) defendants' VuiVision Retransmission Service and (ii) plaintiffs' copyrighted TV Programs.

40. As a result of defendants' false, misleading and deceptive practices, plaintiffs have been and are being irreparably harmed.

41. Unless restrained by the Court, defendants will continue to violate Section 43(a) of the Lanham Act and will continue to cause irreparable injury to plaintiffs.

## COUNT THREE
## COMMON LAW UNFAIR COMPETITION

42. Plaintiffs hereby incorporate by reference and reallege each and every allegation of paragraphs 1 through 41 above.

43. By engaging in the conduct described above, defendants have unlawfully and without privilege engaged in unfair competition under the common law of the State of New Jersey and other states, including those states in which its paying subscribers are located.

44. Defendants' conduct has caused and is causing substantial and irreparable injury to plaintiffs, their reputation and goodwill, in an amount not readily capable of determination.

45. Unless restrained by the Court, defendants will cause further irreparable harm to plaintiffs.

## COUNT FOUR
## CONSUMER FRAUD

46. Plaintiffs hereby incorporate by reference and reallege each and every allegation of paragraphs 1 through 45 above.

47. The New Jersey Consumer Fraud Act ("CFA"), codified at N.J.S.A. 56:8-2, prohibits the "act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment,

suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise ...."

48. Defendants conduct as alleged above constitutes unconscionable commercial practices, deception, misrepresentation and the knowing concealment, suppression and omission of material facts in connection with the sale of merchandise in violation of the CFA.

49. As a result of defendants' unconscionable commercial practices, deception, misrepresentation and the knowing concealment, suppression and omission of material facts, plaintiffs have suffered, and continue to suffer, substantial damages constituting an ascertainable loss and are being harmed irreparably.

50. Unless restrained by the Court, defendants will continue to engage in such unconscionable commercial practices, deception, misrepresentation and knowing concealment, suppression, and omission of material facts.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court enter judgment in their favor and against defendants as follows:

A. Adjudge and declare, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 (a) & 2202, that defendants have infringed plaintiffs' copyrights in violation of 17 U.S.C. § 101 *et seq*; have made false representations in violation of 15 U.S.C. § 1125 (a); have engaged in unfair competition under the laws of the State of New Jersey and other states; have violated the New Jersey Consumer Fraud Act, codified at N.J.S.A. 56:8-2; and have otherwise injured plaintiffs;

B. Issue a preliminary and permanent injunction enjoining and restraining defendants and their officers, agents, servants, employees and attorneys and all those in active concert or

14

participation with them, from infringing plaintiffs' exclusive rights under the Copyright Act by offering the VuiVision Retransmission Service and engaging in the conduct described above;

C. Issue a preliminary and permanent injunction enjoining and restraining defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from making false representations or otherwise violating Section 43 (a) of the Lanham Act, engaging in unfair competition with plaintiffs, and defrauding consumers in the manner described above;

D. Award plaintiffs their damages, costs and reasonable attorneys' fees in accordance with 17 U.S.C. §§ 504 and 505, 15 U.S.C. § 1117, N.J.S.A. 56:8-19 and other applicable law; and

E. Award such other and further relief as the Court shall deem just and appropriate.

By: /s/Brian M. English

William H. Trousdale
Brian M. English
TOMPKINS, MCGUIRE, WACHENFELD
& BARRY LLP
Four Gateway Center
100 Mulberry Street, Suite 5
Newark, New Jersey 07102
(973) 623-7893

-- and --

Robert Alan Garrett
Hadrian R. Katz
C. Scott Morrow
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000

*Counsel for Plaintiffs*

Dated: December 8, 2009